PER CURIAM.
11 Denied. Relator fails to show he received ineffective assistance of trial and appellate counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
ATTACHMENT
*1044 [[Image here]]
*1045 Furthermore, there is a strong presumption that counsel’s performance is within the wide range of effective -representation. Effective counsel does not mean errorless counsel and the reviewing court does not judge eouhsei’s performance with the distorting benefits of hindsight, hut rather determines wheihcr counsel was reasonably likely to tender effective assistance. State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94),. 636 So.2d 1069, 1075.
Mindful of' controlling federal and state jurisprudence, this court now tutus to the specific claims of ineffective assistance made in. petitioner’s application and argued in the memorandum in support.

Claim One: Ineffective assistance of trial counsel by failure la Interview, Investígale, and prepare a defense for the.prelimlnary investigation and trial

Petitioner first claims that defense counsel, Michael Kennedy, was not prepared at the preliminary hearing and at trial. Specifically, the petitioner asserts that his sister should have been interviewed and further that she would have been able to corroborate his claim of threats irons the police, thus rendering his confession involuntary. The petitioner attaches an affidavit (Exhibit J) ffem his sister in which she states the police told her brother that, everyone in the house would go to jail unless he admitted'ownership of the drugs, weapons, and cash. She states her brother told her he had given her coll phone number to bis attorney but that-she never heard from the attorney,
Notably, the petitioner's signed Waiver of Rights (introduced as state’s exhibit 1) asserts that he had not been threatened or pressured or promised anything to confess. Detective Anclede testified that'no promises or threats were made, Detective Anclede testified that the petitioner “took possession of everything"' and advised that no. one else knew anything and that all the contraband was his, Thus even had-Petitioner's- sister testified, the ttier-of-fact would have had-sufficient evidence to conclude the admission was entirely vo luntary.
From the circumstances of the arrest and petitioner’s admissions, as reflected in trial testimony, defense counsel made a strategic decision to counter the state's ease by introducing. support that the drugs were possessed by the petitioner for his petsona! use. Counsel's strategic decisions are inappropriate considerations far post-conviction relief, State v. LaCaze, 99-0584 (La.1/23/02), 1082.
Petitioner fails to prove any prejudice in counsel's performance. The petitioner admitted ownership of the eocaine, heroin, guns, and cash. These items were found in the room he was sleeping in. The jury heard evidence that the drug dog alerted on dwgs in ¡he pdiiioner's room but nowhere else in the house. The guns and cash were found only in the petitioner’s room; the drags were found in his clothing. The jury heard the defense theory rhat the drugs were for individua!, personal use, not distribution. Despite that theory, the evidence was sufficient to convict and the petitioner has not proven that (lie results of His trial were unreliable.
The petitioner has not met Ids burden of proof under Strickland, He has not shown that counsel's performance was deficient, nor has he shown the results of his trial would have been different if counsel had performed differently.

Claim Two: Ineffective assistance at trial by failure to hold the state to the adversarial testing

Petitioner contends that bis trial attorney was ineffective and that he failed to hold the state to adversarial testing by virtue of failing to confront the confidential' informant or sufficiently challenging the search warrant, which he asserts was based on the informant’s disclosure.
The record reverds that defense counsel did in feet challenge the state's case. During foe preliminary bearing, defense counsel inquired If the basis for the search warrant was -a confidential informant (Cl), Detective Anclede testified that a reliable Cl was used in ibis-investigation. Anclede further teslilied that a controlled buy of drugs was set up with marked fUnds, Detective Anclede personally witnessed a hand-to-hand transaction between the petitioner and the Cl. Upon the return of the Cl, Anclede tested the substance foe Ct obtained, which was positive for heroin. This testimony and the written application for a search warrant, which was granted, folly supports probable cause. As such, despite counsel’s efforts, the results of the search were properly admitted into evidence and considered by the jury.
At the trial, defense counsel established that these marked fonds were not confiscated by Ao police when they executed the search warrant. Counsel established that a portion of the heroin and of the cocaine was individually packaged. Defense counsel established font there was *1046 ao Identifying feature to indicate ownership of the jacket in which these drugs were found. Counsel established that tho'defendant’s identification revealed he lived at a different address from where the drugs were recovered.
The cross-examination of prosecution witnesses reveáis that defense counsel challenged Ae state’s case in a thorough and consistent manner. No deficiency in performance is proven and Ae petitioner fails to prove the incompetence standard of Strickland.
The trial transcript establishes competent and protracted efforts by defense counsel to test rhe state's case. Despite these efforts, the drugs, guns, and cash were linked to Ae petitioner beyond a reasonable doubt. The petitioner has made no showing Aat the results Of his trial would have been different if counsel had- performed differently. Petitioner has failed to. establish Ac prejudice prong of Strickland.

Claim Three: Ineffective assistance at trial by failure to present an entrapment defense

The petitioner next complains .Aat his defense attorney should have pursued an entrapment defense at trial'. Petitioner argues "Counsel should, have question whose idea was- it to devise a plan, because Actually Ae C.I. manipulated the circumstances.’’ (Memo In Support, p. 15).
A legitimate entrapment defense may be raised when a law enforcement officer or undercover agent acting in cooperation, for Ae purpose of obtaining evidence of a crime, originates the'idea of the crime and Iben induces another person (o engage in conduct constituting. Ae crime, when the'other person is not otherwise disposed to do so. W. LaFave & A. Scott, Criminal Law § 48 (1972); State v. Batiste. 363 So.2d 639 (La.1978), The entrapment defense is designed to deter the police from planting criminal ideas in innocent minds and thereby promoting crimes which would not otherwise have been committed, R. Perkins, Criminal l,aw, Ch, 10, § 9 (1969),
The entrapment defense has two elements; (l) on inducement by a state agent to commit an offense, and (2) Ae lack of the accused's predisposition to commit the offense. The accused beam the burden of proving by a preponderance of evidence that a state agent induced him to commit a crime. Tf the defendant meets this burden of proof, Ae slate must prove beyond a reasonable doubt that Ae defendant was predisposed to commit the crime prior to the government's involvement. State v. Lewis, 01-1084, p. 6 (La.App. 5 Cir. 3/13/02), 815 So.2d 166, 171, writ denied, 02-1053 (La.1/15/02), 829 So.2d 424.
It is not entrapment, however, if Ae officers or agents merely furnish a defendant who is predisposed to commit Ae crime with Ae opportunities to do so. As stated by Ae Louisiana Supreme Court, “In entrapment cases, a Une must be drawn between the.trap fbr Ae unwary innocent and the trap for the unwary crimina!." State v. Brand, 520 So.2d at 116; State v. Petta, supra.
Upon review, Ae court finds that defense counsel's decision not to raise an entrapment defense was a strategic choice, For Ae reasons stated above, the petitioner could not have met his burden and such a defense would not have been successful, Trial counsel ha? no duty to raise a non-meritorious claim.
Petitioner has failed to meet his burden of proving either deficient performance by counsel or unreliability of Ae results of the trial.

Claim Four: Ineffective assistance of appellate counsel by failure to present appealable issues

The petitioner complains Aat retained appellate counsel, Rachel Yaabecfe, was ineffective for two reasons. He complains that (1) his attorney did not apply for a writ of certiorari to Ae Louisiana Supreme Court after his appeal was denied and (2> Aat In briefs on appeal, his attorney didnot assign as error a Fourth Amendment violation,
In reviewing claims of ineffective assistance of counsel on direct appeal, the Supreme Court of Ae United State? has expressly observed Aat appellate' counsel “neednot advance evory argument, regardless of merit, urged by Ae defendant, Evitts v. Lucey, 469 U.S. 387, 394 (1985). The Court gives great deference to professional appellate strategy: and. applauds counsel for “winnowing out weaker arguments on appeal ant! focusing on One central Issue if possible, and at most a few key issues. Jones v. Barnes, 463 U.S. 745 (1983). This Is true even where Ae weaker arguments have merit. Id. at 751-2.
*1047 [[Image here]]